IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| S.M., individually, and R.J., individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-00089-ECM-JTA |
| | ) | |
| REACH, INC., an Alabama Domestic | ) | |
| Non-profit corporation, THE DYNASTY | ) | |
| GROUP, INC., an Alabama domestic | ) | |
| Corporation, ALABAMA-MISSISSIPPI | ) | |
| FARM, INC., an Alabama domestic corporation | ) | |
| and BISHOP LUKE EDWARDS individually | ) | |
| and d/b/a the Holyland, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

COME NOW the Defendants, THE DYNASTY GROUP, INC., and BISHOP LUKE EDWARDS d/b/a the Holyland (hereinafter collectively 'Defendants'), by and through undersigned counsel, and hereby answer the Complaint filed by Plaintiffs S.M. and R.J., denying all material allegations and asserting affirmative defenses as follows:

## GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants deny each and every allegation, statement, and averment in the Complaint except those expressly admitted herein. Defendants further deny that Plaintiffs are entitled to any relief whatsoever, whether legal, equitable, or otherwise.

## VENUE AND 12(b)(3) MOTION TO DISMISS

1.   Defendants THE DYNASTY GROUP, INC., and BISHOP LUKE EDWARDS d/b/a the Holyland respectfully move to dismiss this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure on the grounds that venue is improper in the United States District Court for the Middle District of Alabama. This case arises out of events allegedly occurring in Greene County, Alabama, which is located within the jurisdiction of the Northern District of Alabama, Western Division, not the Middle District. Accordingly, this Court lacks proper venue over this action, and dismissal is appropriate. In the alternative, this matter should be transferred to the United States District Court for the Northern District of Alabama, Western Division, pursuant to 28 U.S.C. § 1406(a).

2.   Venue in a civil action is governed by 28 U.S.C. § 1391(b), which permits filing only in a judicial district where: (1) any defendant resides, if all defendants reside in the same state; or (2) a substantial part of the events or omissions giving rise to the claim occurred. Plaintiffs' own Complaint places the operative events—including alleged conduct at The Holyland and involving Bishop Edwards—in Greene County. As such, the Northern District of Alabama is the only appropriate venue under federal law. For these reasons, the Court should dismiss this action pursuant to Rule 12(b)(3) or transfer it under 28 U.S.C. § 1406(a).

## JURISDICTION

3.   Defendants admit that Plaintiffs purport to bring claims under federal law, including the Trafficking Victims Protection Act (TVPRA), but deny any liability thereunder.

## PARTIES

4.   Defendants lack sufficient information to admit or deny the allegations regarding the identities or residencies of Plaintiffs S.M. and R.J., and therefore deny same.

5.   Defendants admit the corporate identity of THE DYNASTY GROUP, INC. and that it is an Alabama corporation.  Defendants further state that they do not represent and have no affiliation with the entity named REACH, INC., an Alabama Domestic Non-Profit Corporation located at 35 Rainbow Lane, Catherine, Alabama 36728, as referenced in the Complaint. To the extent any claims are asserted against REACH, INC., such claims are not applicable to these Defendants.

6.   Defendants admit that BISHOP LUKE EDWARDS is an individual residing in Alabama and that he is affiliated with a religious community informally referred to as 'The Holyland.' Defendants deny that The Holyland is or has ever been a legally recognized business entity.

7.   Defendants deny the existence or relevance of "DOES 1-10" as described and demand strict proof thereof.

## RESPONSE TO FACTUAL ALLEGATIONS

8.   Defendants deny the allegations in the Introduction and all subsequent narrative paragraphs that allege or imply abuse, forced labor, trafficking, or any other unlawful conduct. Defendants deny any comparison to criminal or cult-like activities.

9.   Defendants specifically deny any acts or omissions that would give rise to civil or criminal liability under the TVPRA or any other federal or state law.

10. Defendants deny that Plaintiffs were subjected to forced labor, abuse, trafficking, or coerced service and further deny that Defendants benefitted unlawfully or knowingly from any such conduct.

11. Defendants assert that Plaintiffs voluntarily participated in programs sponsored by Defendants or associated ministries and were not subject to involuntary servitude, abuse, or unlawful restraint.

12. Defendants deny all factual allegations in paragraphs 1 through 74 of the Complaint unless specifically admitted herein.

### COUNT I – TVPRA CLAIM BY R.J.

13. Defendants deny each and every allegation contained in Count I, including that Plaintiff R.J. was subjected to forced labor or that any Defendant knowingly obtained or benefited from forced labor in violation of 18 U.S.C. §§ 1589 and 1595.

### COUNT II – TVPRA CLAIM BY S.M.

14. Defendants deny each and every allegation contained in Count II, including that Plaintiff S.M. was subjected to forced labor or that any Defendant knowingly obtained or benefited from forced labor in violation of 18 U.S.C. §§ 1589 and 1595.

### AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint and expressly denying any liability, Defendants THE DYNASTY GROUP, INC., and BISHOP LUKE EDWARDS d/b/a the Holyland assert the following affirmative defenses:

1. **First Affirmative Defense – Failure to State a Claim**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted, in whole or in part, as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. **Second Affirmative Defense – Statute of Limitations**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to any limitations periods under 18 U.S.C. § 1595(c), and related state laws.

3. **Third Affirmative Defense – Laches**

Plaintiffs' claims are barred by the doctrine of laches due to their unreasonable delay in asserting the alleged claims, to the detriment of Defendants.

4. **Fourth Affirmative Defense – Waiver**

Plaintiffs, by their actions or inactions, have waived any rights they may have had to the claims asserted in this action.

5. **Fifth Affirmative Defense – Estoppel**

Plaintiffs are estopped from pursuing some or all of their claims by their prior conduct, representations, or omissions.

6. **Sixth Affirmative Defense – Unclean Hands**

Plaintiffs' claims are barred under the equitable doctrine of unclean hands due to their own misconduct or wrongful conduct in connection with the matters alleged.

7. **Seventh Affirmative Defense – Contributory Negligence or Fault of Others**

To the extent any injury or damage occurred, such was directly and proximately caused by the conduct, negligence, or fault of persons or entities other than these Defendants.

8. **Eighth Affirmative Defense – No Causation**

Even assuming arguendo that Plaintiffs suffered harm, which Defendants deny, such harm was not caused by Defendants' actions or omissions.

9. **Ninth Affirmative Defense – Lack of Standing**

Plaintiffs lack standing to assert one or more claims alleged in the Complaint.

10. **Tenth Defense: Assumption of Risk**

To the extent Plaintiffs engaged in any activities complained of, they did so voluntarily and with full knowledge of the circumstances.

11. **Eleventh Defense: Lack of Specificity**

The Complaint fails to plead facts with sufficient particularity to meet the standards of Rule 8 or Rule 9 of the Federal Rules of Civil Procedure.

12. **Twelfth Defense: No Joint or Vicarious Liability**

Defendants deny that they operated as a joint enterprise or are liable for the conduct of any other Defendant or unnamed party.

13. **Thirteenth Defense: Good Faith and Legitimate Purpose**

Any programs or activities conducted by Defendants were done in good faith, with charitable purpose, and in compliance with all applicable laws.

14. **Fourteenth Affirmative Defense – Reservation of Defenses**

Defendants expressly reserve the right to assert additional affirmative defenses as may be revealed through discovery or further investigation.

**WHEREFORE,** Defendants THE DYNASTY GROUP, INC., and BISHOP LUKE EDWARDS d/b/a the Holyland respectfully request that this Court:

1.      Dismiss Plaintiffs' Complaint with prejudice;

2.      Award Defendants their costs and attorneys' fees incurred in defending this action;

3.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Glen A. McCord, Esq.*
Glen A. McCord (MCC226)
GAM Attorney at Law
ASB No.: 5904P16H
Post Office Box 53
Eutaw, Alabama 35462
Tel.: (205) 718-4047

Attorney for Defendants THE DYNASTY GROUP, INC., and BISHOP LUKE EDWARDS d/b/a the Holyland

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2025, I electronically filed the foregoing **Answer to Complaint** with the Clerk of the Court using the **CM/ECF system**, which will send notification of such filing to all counsel of record.  If any party has not appeared and is not a registered user of the CM/ECF system, I further certify that I have mailed the foregoing document by **United States Postal Service**, properly addressed and postage prepaid.

Travis R. Walker, Esq.
1100 SE Federal Highway
Stuart, FL 34994

*/s/ Glen A. McCord, Esq.*